IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CRISTHIAN EDUARDO CARANQUI QUISHPI (A#246-919-209), | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 6:26-cv-3112-MDH |
| SAMUEL OLSON, *et. al.*, | ) ) ) |
| Respondents. | ) ) |

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order and Suggestions in Support. (Doc. 2). Finding that Petitioner asserts facts and arguments sufficient to satisfy the requirements of Rule 65(b)(1) and the *Dataphase* factors, the Motion for TRO is **GRANTED**.

## BACKGROUND

Mr. Caranqui Quishpi is a 33-year-old national of Ecuador, resident of Minnesota, and asylum seeker who entered the United States in 2023 and has lived here ever since. He is the primary financial support for his family, dedicated father of one child, and member of his community.

On December 9, 2025, around 3:40 PM, Mr. Caranqui Quishpi was returning from work when he was detained by ICE. Mr. Caranqui Quishpi pulled his vehicle into the driveway of his private residence in Minnesota. ICE approached his vehicle while Mr. Caranqui Quishpi was parked on his property. The agents broke the driver's side window, forcefully removed Mr. Caranqui Quishpi and pushed him face down into the snow, pointed a taser gun at him, and placed him in handcuffs. After arresting him, DHS placed Mr. Caranqui Quishpi in removal proceedings

1

and charged Petitioner with, inter alia, being inadmissible under U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Mr. Caranqui Quishpi alleges he is eligible and has applied for asylum, withholding of removal, withholding of removal under the Convention Against Torture because he will face persecution and torture at the hands of Los Lobos in Ecuador. Mr. Caranqui Quishpi's asylum case is pending and he does not have a final order of removal.

Petitioner argues the repeated transfers of his physical person and corresponding transfers of his immigration proceedings frustrate his legal right to present his case for asylum and, in so doing, violate his constitutional rights to due process and the effective assistance of counsel. Petitioner asks the Court to enter an order prohibiting Petitioner's immediate transfer outside the jurisdiction of the Court and further from his home, his family, and his legal counsel.

## **DISCUSSION**

FRCP 65(b)(1)

Under Federal Rule of Civil Procedure 65(b)(1), the Court may issue a temporary restraining order (TRO) without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Based on the facts above, it is clear to the Court that Petitioner has shown that immediate and irreparable injury, loss, or damage will result to him before the adverse party can be heard in opposition. Thus, he has satisfied Rule 65(b)(1)(A). The efforts presented to the Court in Doc. 2 show that he has met the requirements for Rule 65(b)(1)(B) and notice will not be required.

*Dataphase* TRO Factors

"In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) the public interest." *Dadfar v. Arnott*, 2025 WL 3452372 (W.D. Mo. Dec. 1, 2025) (citing *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

The Court finds that a TRO in this case is appropriate. The Due Process Clause and the Immigration and Nationality Act (INA) grant Petitioner the right to counsel to challenge his removal, and to a fair proceeding before he is removed from the country. 8 U.S.C. § 1362. The Court finds it likely Respondents' repeated transfers of Petitioner violate his due process rights and statutory rights to challenge his removal with the assistance of counsel. Further, the threat of irreparable harm to the movant absent injunction is high as any move from this district prior to his removal hearing would render Petitioner's right to challenge his removal meaningless. As to the balance between the threatened harm to the movant and the harm the injunction would inflict on other interested parties, the balance tips in favor of Petitioner. Respondents and other interested parties would not suffer by keeping Petitioner in Greene County Jail closer to his removal hearing. Lastly, there is a public interest in allowing those who are in removal proceedings to have a fair proceeding as expressed and determined by Congress. For these reasons, the Court finds Petitioner's request for a TRO is appropriate.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for TRO is **GRANTED**. Respondents are enjoined from transferring Petitioner outside the Western District of Missouri during the pendency

3

of his habeas petition. The TRO is granted until such time as the Government can respond to the Habeas Petition and the Court can be fully briefed on the merits of the Habeas petition. Nothing in this Order shall prevent, disrupt, or delay Petitioner's scheduled hearings before the Immigration Court.

**IT IS SO ORDERED**.

DATED: February 23, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**